No. 99-554

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 183N

JANET K. HAWORTH,

Plaintiff and Appellant,

v.

MICHAEL G. CONLEE and

BANK-AMERICA MORTGAGE,

a division of Bank of America, FSB,

Defendants and Respondent.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Carbon,

The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Elizabeth J. Honaker, Honaker Law Firm, Billings, Montana

For Respondent:

Steven A. Hanson, Hanson Law Office, Billings, Montana

_____

Submitted on Briefs: March 9, 2000

Decided: July 18, 2000

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

   1. ¶Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal

Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

2. ¶The Plaintiff, Janet Haworth (Haworth), brought this action in the District Court for the Thirteenth Judicial District in Carbon County, for partition of real property held in joint tenancy with the Defendant, Micheal G. Conlee (Conlee). Prior to partition, the real property was sold to a third party and a portion of the proceeds was placed in escrow pursuant to the partition action. Conlee filed a motion for distribution of the funds placed in escrow. The District Court distributed the funds placed in escrow to Haworth and Conlee. Haworth appeals the District Court's order and judgment distributing the funds placed in escrow. We affirm.

3. ¶The following issues are presented on appeal:

4. ¶1. Did the District Court err when it failed to award Haworth the value of Conlee's use and occupation of the real property subsequent to the filing of the partition action?

5. ¶2. Did the District Court err when it failed to apportion Haworth's costs and attorney's fees incurred in the partition action, pursuant to § 70-29-218, MCA?

## FACTUAL BACKGROUND

1. ¶Haworth and Conlee were previously husband and wife. In September 1996, Haworth commenced proceedings to dissolve the marriage. Conlee was served with a Summons and Petition for Dissolution of Marriage on September 18, 1996. Conlee sent a letter and filing fee to the Clerk of District Court and then left for employment in California. Conlee's response to the Petition for Dissolution was returned as insufficient and subsequently, on November 7, 1996, default judgment was entered against him.

2. ¶The District Court's findings of fact, conclusions of law, and final decree of dissolution of marriage included the following finding of fact:

10. The parties hereto have accumulated real property during their marriage which should be equitably apportioned between them. The parties' real property is located in Fromberg, Carbon County, Montana and includes a residence on a 40 acre lot and an adjoining irrigated 20 acre lot. A mortgage obligation of $84,000 is owing on the parties' real

property. The current market value of the parties' real property is $360,000 and the property is currently for sale on the market and should remain for sale on the market until such time that property is sold. *The Respondent [Conlee] should be entitled to occupy the parties' residence until such time that the property is sold* and the Respondent should be obligated to maintain the real property for purposes of showing and selling and to pay the utilities during his period of occupancy. During the Respondent's occupancy, the residence should not be cohabited. The net proceeds from the sale of the parties' real property should be used in the following order:

a. To pay any fees incurred upon such sale, including realtor's fees, and any other outstanding debt directly related to the real property, including but not limited to property taxes, insurance, and general upkeep of the property;

b. To pay any outstanding credit card debt of the parties incurred prior to the date of said Final Decree; and

c. Any remaining proceeds should be divided equally between the parties.

(Emphasis added.)

1. ¶Pursuant to the Decree of Dissolution of Marriage, Conlee occupied and maintained the real property and the property was listed for sale with Bill Palmer Land and Livestock. However, after approximately ten months on the market the property had not been sold. As a result, on September 12, 1997, Haworth filed a complaint for partition of the property, or in the alternative, an order requiring that the property be sold and the proceeds applied accordingly.

2. ¶On June 15, 1998, the partition action was tried before the District Court. Following presentation of evidence and testimony by Conlee and Haworth, the parties reached an agreement to accept a pending offer to purchase the real property, known as the Brownlee offer. The parties' agreement stipulated that if the Brownlee

offer did not materialize, then the District Court would proceed and partition the property as requested.

3. ¶The Brownlee sale did not materialize, however, the entire property was subsequently sold by Haworth and Conlee to the Littons. On January 22, 1999, the day of closing, the parties agreed to have $13,600 from the sale placed in escrow.

4. ¶On April 22, 1999, Conlee filed a Motion for Distribution of Escrowed Funds. The parties agreed that the matter had been fully submitted to the District Court based on affidavits and briefs and that judgment could be entered without further proceedings. Haworth asserted in her brief that the District Court should award her the value of Conlee's use and occupation of the property, in the amount of $9480, in addition to a portion of the costs and attorney's fees she expended.

5. ¶On August 17, 1999, the District Court issued its decision and distributed the portion of the sale proceeds placed in escrow. The District Court distributed the proceeds as follows: $5303.54 to Conlee and $7774.35 to Haworth, stating:

She [Haworth] wants the--as fair rental for his sole occupation of the property, she wants some 9000-some odd dollars, which basically amounts to about half of the mortgage payments. I think she was making half of the mortgage payments, if I'm not mistaken. But she really can't complain about the way that was set up, because that was in the divorce decree and she's the only one that presented any evidence at the divorce decree. So I'm not making any adjustment for that.

And she wants some attorney's fees, and he wants some attorney's fees. I'm going to leave each party to bear their own costs and attorney's fees.

1. ¶On August 31, 1999, the District Court entered its written order and judgment distributing the funds placed in escrow. Haworth now appeals the District Court's distribution.

## STANDARD OF REVIEW

1. ¶We review a district court's conclusions of law to determine whether its interpretation of the law is correct. *See St. John v. Missoula Elec. Co-op., Inc.* (1997), 282 Mont. 315, 320, 938 P.2d 586, 588.

# DISCUSSION

## ISSUE 1

1. ¶Did the District Court err when it failed to award Haworth the value of Conlee's use and occupation of the real property subsequent to the filing of the partition action?

2. ¶Haworth contends that the District Court's conclusion that Haworth was not entitled to the value of Conlee's use and occupation because the divorce decree provided that Haworth and Conlee each pay half of the mortgage payments and that Conlee reside on the property until sale, is an incorrect application of the law in Montana. Haworth asserts that the partition action is entirely separate from the divorce decree and, therefore, her request for rental value to be credited to her after such time as she filed her partition action, does not relate to any provision in the divorce decree, but solely to the partition action.

3. ¶Haworth relies on *Lawrence v. Harvey* (1980), 186 Mont. 314, 607 P.2d 551, for her position that she is entitled to credit for Conlee's exclusive use and occupation of the property, from his proportionate share, subsequent to filing the partition action. In *Lawrence*, we stated:

Appellant is not entitled to an offset against this credit for the reasonable rental value of the property during the period of time before this action. Even though the respondents remained in exclusive possession, the general rule is that a cotenant in possession is not liable for the use and occupation of the premises. 68 C.J.S. *Partition* § 138b. That is especially true in this case where respondents enjoyed the benefits of possession under a court decree. The respondents, however, must account for the value of their use and occupation in excess of their proportionate share after the appellant demanded the equivalent of joint possession in February 1978 by initiating this action for a partition sale.

*Lawrence,* 186 Mont. at 324, 607 P.2d at 557.

1. ¶However, the facts in *Lawrence* are distinguishable from those in this case. In *Lawrence,* the decree of dissolution required that the family home be set aside,

while the children were minors, for their use and benefit and for that of their mother as well. *Lawrence,* 186 Mont. at 316, 607 P.2d at 553. The problem in *Lawrence* arose after the children were no longer minors. The divorce decree failed to provide for a final disposition of the house at that time. *Lawrence,* 186 Mont. at 317, 607 P.2d at 553. To the contrary, in this case, the decree of dissolution of marriage provided that Conlee reside on the property until such time as the property was sold and, therefore, provided for a final disposition of the real property.

2. ¶Accordingly, we conclude in this case that the provision in the decree of dissolution of marriage which provided that Conlee was to reside on the property until such time as the property was sold, is binding on both Conlee and Haworth, and therefore Haworth has no right to request the value of Conlee's use and occupation subsequent to Haworth's partition action.

## ISSUE 2

1. ¶Did the District Court err when it failed to apportion Haworth's costs and attorney's fees incurred in the partition action, pursuant to § 70-29-218, MCA?
2. ¶Section 70-29-218, MCA, provides the following:

The costs of partition, including reasonable counsel fees, expended by the plaintiff or either of the defendants for the common benefit, fees or referees, or other disbursements must be paid by the parties respectively entitled to share in the lands divided, in proportion to their respective interests therein, and may be included and specified in the judgment.

1. ¶The District Court stated the following:

I'm not exactly sure why a partition action was pursued, as opposed to just some further proceedings in the divorce decree, but I don't think it's of much monument which way the sale of the property was pursued. Similar efforts and costs would likely have resulted in either event.

. . . .

And she wants some attorney's fees, and he wants some attorney's fees. I'm going to leave each party to bear their own costs and attorney's fees.

1. ¶It is evident that the District Court did not award attorney's fees to either party for two reasons. First, a partition action was not a necessary action, as the decree of dissolution of marriage had previously ordered that the property be sold. Therefore, any action necessitated by Haworth's belief that Conlee was stalling the sale of the property could have been taken pursuant to the order of sale in the decree of dissolution. Second, there was no evidence that either of the parties' attorney's fees were actually incurred for the common benefit of both Haworth and Conlee.
2. ¶Accordingly, we conclude that the District Court did not err when it concluded that Haworth was not entitled to attorney's fees and costs pursuant to § 70-29-218, MCA.
3. ¶For these reasons, we affirm the judgment of the District Court.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART